IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIK AKBARBHAI VIRANI,<br>A # 076 652 945,<br><br>*Petitioner,*<br><br>vs.<br><br>ANDREW HURON, Officer in Charge of South Texas Detention Complex, IMMIGRATION & CUSTOMS ENFORCEMENT, DANIEL A. BIBLE, San Antonio Field Officer Director, DEPARTMENT OF HOMELAND SECURITY ("DHS"), and KEVIN MCALEENAN, Secretary of the DHS,<br><br>*Respondents.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO.<br>SA-19-CV-499-FB(ESC) |

## ORDER

Before the Court is the 28 U.S.C. § 2241 Petition for Writ of Habeas filed by Malik Akbarbhai Virani ("Petitioner"). In his petition, Petitioner challenges his detention by the U.S. Department of Homeland Security Bureau of Immigration and Customs Enforcement pending removal proceedings. Additionally, Petitioner has filed a Motion to Expedite the briefing process for his habeas petition, maintaining that pursuant to § 2243, this Court must either issue the writ or an order directing the respondent to show cause why the writ should not be granted. [#6]. Petitioner notes that the statute then requires that respondent return the order to show cause "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Petitioner moves this Court to require the government to "abide by the timeline mandated by statute."

1

However, § 2243 provides, in relevant part, that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." *Id.* (emphasis added). In the present case, Petitioner states he has a pending motion to reopen his immigration proceedings and has, presumably, been ordered removed. [#1]. Petitioner requests this Court order he be released with or without bond or conditions; alternatively, Petitioner requests this Court conduct a bond hearing or order an immigration judge to do so.

However, it is well settled that "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In 2005, the REAL ID Act was enacted, divesting federal courts of jurisdiction to consider challenges to removal orders. *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) and *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 735–36 (5th Cir. 2005)). Additionally, federal courts lack jurisdiction to review discretionary decisions of the Attorney General. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (citing 8 U.S.C. § 1252(a)(2)(B)(ii)); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) (citing *Kambo v. Poppell*, No. SA-07-CV-800-XR, 2007 WL 3051601, at *6, *8 (W.D. Tex. Oct. 18, 2007) (involving discretionary bond determinations)).

Accordingly, this Court must first determine whether it has jurisdiction over Petitioner's claims. Therefore, Petitioner's Motion to Expedite [#6] is **DENIED** and the Court enters the following orders:

**IT IS ORDERED** that Respondents file a response to the Petition within thirty (30) days.

**IT IS FURTHER ORDERED** that Petitioner may file a reply to the Respondents' response. If Petitioner elects to file a reply, it must be filed no later than twenty-one (21) days after the date Petitioner is served with Respondents' response.

**IT IS FURTHER ORDERED** that the District Clerk shall: (1) furnish the Office of the United States Attorney in San Antonio, Texas, with copies of the Petition [#1] and this Order, and that such delivery by certified mail return receipt requested shall constitute sufficient service of process on Respondent McAleenan; and (2) serve Respondents Huron and Bible by certified mail return receipt requested.

To the extent summons was previously issued and/or executed, **IT IS ORDERED STRICKEN**.

SIGNED this 3rd day of June, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE