IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIK AKBARBHAI VIRANI, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-00499-ESC |
| vs. | § § § | |
| ANDREW HURON, AS OFFICER IN CHARGE OF THE SOUTH TEXAS DETENTION COMPLEX; IMMIGRATION AND CUSTOMS ENFORCEMENT, AS AN AGENCY OF THE GOVERNMENT OF THE UNITED STATES OF AMERICA; DANIEL A. BIBLE, AS SAN ANTONIO FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR IMMIGRATION AND CUSTOMS ENFORCEMENT; THE DEPARTMENT OF HOMELAND SECURITY, AS AN AGENCY OF THE GOVERNMENT OF THE UNITED STATES OF AMERICA; KEVIN MCALEENAN, AS ACTING SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; AND RAYNALDO CASTRO, AS FACILITY ADMINISTRATOR/WARDEN OF THE SOUTH TEXAS DETENTION COMPLEX; | § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled and numbered cause of action is Respondents' Motion to Dismiss for Mootness [#48]. Having considered Respondents' Motion to Dismiss [#48], Petitioner's Response in Opposition [#51], and Respondents' Reply to the Response [#52], as well as Petitioner's Amended Petition and Complaint for a Writ of Habeas Corpus [#29], the applicable legal authorities, and the entire record on this matter, the Court finds that

1

Petitioner's case for habeas relief is moot and thus the Court lacks subject matter jurisdiction over this case. Accordingly, the Motion to Dismiss is **GRANTED**.

## I.  Procedural Background

Petitioner Malik Akbarbhai Virani, a citizen and national of India, filed his Verified Petition and Complaint for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on May 10, 2019, asking this Court to order his immediate release from detention while Petitioner awaits his removal to India.  In his original petition, Petitioner asserted two primary bases for habeas relief: (1) that his prolonged post-removal-period detention violated the standards set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no likelihood of his removal in the reasonably foreseeable future and therefore his continued detention violates his right to substantive due process; and (2) that he is not a flight risk or danger to the community, does not satisfy any of the other statutory bases for detention beyond the 90-day removal period, and was not given the custody review procedures set forth in the regulations, and therefore his continued detention violates his right to procedural due process.  Respondents moved to dismiss, or in the alternative, for summary judgment, on both claims [#14].

Before the Court ruled on Respondents' motion, in early October 2019, this case was transferred to the undersigned's docket [#25].[1]  Shortly thereafter, the Court granted Petitioner leave to amend his Petition to add Raynaldo Castro, Facility Administrator of the South Texas Detention Complex where Petitioner was then detained, as an additional Respondent.  Thus, the Verified Amended Petition and Complaint for Writ of Habeas Corpus Pursuant to 28 U.S.C. §

---

[1]This case was transferred to the undersigned on October 7, 2019, for disposition of all proceedings and entry of final judgment after the parties consented to the jurisdiction of a United States Magistrate Judge [#25, #21, #22, #23], in accordance with Title 28 U.S.C. Section 636(c).

2241 [#29] is the live petition in the case.  The Amended Petition did not change the substance of Petitioner's factual allegations or the asserted legal bases for his release from detention.

On March 23, 2020, this Court granted Respondents' summary-judgment motion on Petitioner's *Zadvydas* claim and denied it on his procedural due process claim [#40]. Specifically, the Court found that Petitioner's procedural due process claim based on his allegation that he did not receive the incremental reviews mandated by 8 C.F.C. § 241.4 required an evidentiary hearing because the record did not conclusively establish what process Petitioner had in fact received, and Respondents had not proved as a matter of law that Petitioner's due process rights had not been violated.  *Id*.  This Court scheduled an evidentiary hearing on the remaining claim; however, the hearing was canceled because Petitioner was released on an Order of Supervision ("OSUP") on March 23, 2020 [#43, #47].  Before his release, Petitioner had been in ICE custody for over 19 months.

Respondents then filed the Motion to Dismiss for Mootness that is the subject of this Order on June 22, 2020.  [#48].

### III.  Legal Standard

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may consider any of the following:  (1) the complaint alone; (2) the complaint

3

supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008).

### IV.  Analysis

Respondents argue the habeas petition is moot, and this Court lacks jurisdiction, because Petitioner has already received the substantive relief he requested: release from custody pending deportation. (Def. Mtn. to Dismiss [#48], at 3). Respondents further assert that any adverse consequences stemming from Petitioner's claimed procedural due proves violation do not persist following his release from custody. *Id.* at 4. In response, Petitioner argues that the habeas petition is not moot because he remains subject to government control.[2] (Pl. Resp. [#51] at 2). Alternatively, Petitioner argues that this case falls under two exceptions to the mootness doctrine: the challenged conduct is capable of repetition yet evading review, and the resolution of the case arose from the government's voluntary cessation of the challenged practice. *Id.* at 5. For the reasons set forth below, the Court finds that the Petitioner's case must be dismissed as moot.

**A.     The petition is moot.**

The issue before the Court is whether the release of Petitioner on bond pending his deportation moots his petition. A petition is moot if it no longer presents a case or controversy under Article III, § 2 of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If the case is moot, the Court is divested of subject matter jurisdiction. *Dailey v. Vought Aircraft Co*,

---

[2] While Respondents argue that the case is moot, they do not contest that Petitioner, who is subject to a final deportation order, continues to be "in custody" for purposes of Section 2241. *See Rosales v. Bureau of Immig. and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005) (holding that the petitioner subject to a final deportation order was "in custody" because the federal government had placed significant restraints on his liberty).

141 F.3d 224, 227 (5th Cir. 1998) ("[A]lthough a justiciable controversy may have existed at the time litigation was commenced, the action must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation."). A case loses its quality as a live case or controversy and becomes moot when "it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citations omitted).

Because Petitioner's requested relief in his habeas petition was release from ICE custody—and he was, in fact, released—all relief Petitioner requested has been granted. (Am. Pet. [#29], at 54). The Fifth Circuit has held that where an alien is granted the relief he requests, no "case or controversy" remains. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that the petitioner's supervised release from detention mooted his habeas challenge to the legality of his extended detention). Here, therefore, the petition is moot unless an exception applies.

**B.     The capable-of-repetition-yet-evading-review exception does not apply.**

Neither exception to the mootness doctrine invoked by Petitioner applies here. Petitioner contends his allegedly illegal detention is "capable of repetition yet evading review." This exception applies when "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.'" *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

Here, Petitioner has not shown "a reasonable expectation" that he will be subject to <u>**same**</u> alleged violations of procedural due process in the possible future detention. While Respondents' could revoke Petitioner's OSUP, if they do, the revocation decision and the new

period of detention would be governed by different regulations than governed the first period of detention.  *See* 8 C.F.R. §§ 241.4 and 241.13(i); *accord Alam v. Nielsen*, 312 F. Supp. 3d 574, 581–82 (S.D. Tex. 2018) (denying habeas relief to petitioner who claimed ICE had violated the regulations governing the revocation of his OSUP).  If Petitioner were to challenge ICE's compliance with the OSUP revocation regulations, that challenge would involve a different set of facts and different regulations and should be brought in a new Section 2241 petition.

**C.      The voluntary-cessation exception does not apply either.**

Petitioner also argues that because Respondents voluntarily ended his allegedly illegal detention, but could detain him again, the Court still has power to decide whether his original detention violated his due process rights.  "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'"  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289 (1982)).  Thus, a defendant's voluntary cessation only moots a case if "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").  *Id.* at 170 (citing *United States v. Concentrated Phosphate Exp. Ass'n.*, 393 U.S. 199, 203 (1968)).

Here, the Respondents' conduct that Petitioner challenges in his petition cannot recur.  Even if Respondents did, as Petitioner alleges, fail to provide him with is 90-day and 180-day POCRs during his first period of detention, the regulations that require those incremental reviews are no longer applicable to Petitioner's situation.  As explained above, if Petitioner's OSUP is revoked, that revocation and ensuing detention would be governed by different regulations.  If ICE were to violate Petitioner's procedural due process rights by violating other INS regulations,

that would be new, distinct conduct by Respondents that would give rise to a new habeas claim.

In summary, Petitioner's release from custody has mooted the sole remaining claim asserted in his habeas petition—that his due process rights were violated by Respondents when they originally detained him but failed to provide him with the detention reviews prescribed by law. Because Petitioner's claim is moot, the Court lacks jurisdiction over Plaintiff's amended habeas petition, and Respondents' motion to dismiss should be granted.

## V. Conclusion

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss for Mootness [#48] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Verified Amended Habeas Petition and Complaint for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#29] is **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**

SIGNED this 17th day of December, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE